UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERMAN CESPEDES, FRANCISCO PEREZ and MARCOS SUAREZ,

Plaintiffs,

- against-

A&E REAL ESTATE MANAGEMENT LLC, DOUGLAS EISENBERG and NANCY GONZALEZ,

Defendants.

CIVIL ACTION NO:
1:18-cv-02804

**DEFENDANTS' AMENDED ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendants, A&E Real Estate Management LLC ("A&E"), Douglas Eisenberg ("Eisenberg") and Nancy Gonzalez ("Gonzalez") (together, Eisenberg and Gonzalez are referred to as the "Individual Defendants") (A&E and the Individual Defendants are referred to collectively as "Defendants"), for their Amended Answer and Defenses to the Complaint filed on March 29, 2018, (Doc. No. 1) by Plaintiffs, German Cespedes, Francisco Perez and Marcos Suarez ("collectively Plaintiffs"), and pursuant to Fed. R. Civ. P. 15(a)(1)(A), state as follows:

**COMPLAINT**

1. The allegations contained in Paragraph 1 of the Complaint do not require a response. To the extent a response is required, Defendants deny each and every allegation contained in said paragraph, except admit that Plaintiffs purport to bring this action for alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), various wage orders promulgated by the New York State Department of Labor, the New York City Earned Sick Time Act and the New York City Administrative Code ("NYCAC").

**RESPONSE TO "NATURE OF THE ACTION"**

2. The allegations contained in Paragraph 2 of the Complaint do not require a response. To the extent a response is required, Defendants deny each and every allegation

contained in said paragraph, except admit that Plaintiffs purport to bring this action for alleged quantum meruit, as well as for alleged violations of the Fair Labor Standards Act, the New York Labor Law, various wage orders promulgated by the New York State Department of Labor, the New York City Earned Sick Time Act, and violations of the New York City Administrative Code.

3. The allegations contained in Paragraph 3 of the Complaint do not require a response. To the extent a response is required, Defendants deny each and every allegation contained in said paragraph, except admit that Plaintiffs purport to bring this action for alleged violations of the New York City Earned Sick Time Act.

4. The allegations contained in Paragraph 4 of the Complaint do not require a response. To the extent a response is required, Defendants deny each and every allegation contained in said paragraph, except admit that Plaintiffs purport to bring this action for alleged violations of the New York Labor Law.

5. The allegations contained in Paragraph 5 of the Complaint do not require a response. To the extent a response is required, Defendants deny each and every allegation contained in said paragraph, except admit that Plaintiffs purport to bring this action for alleged violations of the New York City Administrative Code.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint, except deny that there are any "Corporate Defendants" other than A&E.

7. Defendants admit that A&E employed Plaintiffs at various buildings it managed, and otherwise deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit that Plaintiffs were employees of A&E and performed labor and services for A&E at various points in time during the six years immediately prior to the initiation of this lawsuit, and otherwise deny the allegations contained in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation in said paragraph.

10. Defendants deny each and every allegation contained in Paragraph 10 of the Complaint.

**RESPONSE TO "PARTIES, JURISDICTION AND VENUE"**

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over A&E, as currently pled.

18. The allegations contained in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over the Individual Defendants, as currently pled.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint, except admit that Gonzalez is a Property Manager at A&E, and further admit that Eisenberg holds the position of Chief Executive Officer at A&E.

20. The allegations contained in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this action, as currently pled.

21. The Individual Defendants deny that they are employers subject to the jurisdiction of the FLSA, and deny knowledge or information sufficient to form a belief regarding the remaining allegations contained in Paragraph 21 of the Complaint. A&E denies the allegations contained in Paragraph 21 of the Complaint, except admits that it is an employer subject to the jurisdiction of the FLSA and that it is engaged in an enterprise that has an annual sales volume in excess of $500,000 per year, the activities of which affect interstate commerce.

22. The allegations contained in Paragraph 22 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District, as currently pled.

**RESPONSE TO "JURY DEMAND"**

23. No response is required to the allegations contained in Paragraph 23 of the Complaint.

**RESPONSE TO "FACTUAL BACKGROUND"**

***Response to "Facts Relating to Plaintiff Cespedes' Employment"***

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit that A&E employed Plaintiff Cespedes as a superintendent for the Fort Washington Building, effective on or about December 12, 2012, and otherwise deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. A&E denies the allegations contained in Paragraph 27 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. A&E denies the allegations contained in Paragraph 28 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. A&E admits that Cespedes at times performed the duties set forth in Paragraph 29 of the Complaint, and otherwise denies the allegations set forth therein. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. A&E denies the allegations contained in Paragraph 30 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. A&E denies the allegations contained in Paragraph 31 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. A&E denies the allegations contained in Paragraph 32 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. A&E denies the allegations contained in Paragraph 33 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in 38 of the Complaint.

***Response to "Facts Relating to Defendants' Failure to Pay Plaintiff Cespedes Proper Wages"***

39. Defendants deny the allegation contained in Paragraph 39 of the Complaint.

40. A&E denies the allegation contained in Paragraph 40 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegation contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegation contained in Paragraph 42 of the Complaint.

***Response to "Facts Relating to Defendants' Breach of the Oral Agreement with Cespedes"***

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, except A&E admits that Cespedes was out of work for two weeks in June 2015.

44. Defendants deny the allegation contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegation contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegation contained in Paragraph 46 of the Complaint.

47. A&E admits the allegations contained in Paragraph 47 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

***Response to "Facts Relating to Plaintiff Suarez's Employment"***

48. Defendants admit that A&E employed Plaintiff Suarez as a superintendent for the Sickles Building, effective on or about January 1, 2013, and otherwise deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. A&E denies the allegations contained in Paragraph 50 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. A&E denies the allegations contained in Paragraph 51 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. A&E admits that Suarez at times performed the duties set forth in Paragraph 53 of the Complaint, and otherwise denies the allegations set forth therein. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. A&E denies the allegations contained in Paragraph 55 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56. A&E denies the allegations contained in Paragraph 56 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57. A&E denies the allegations contained in Paragraph 57 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

***Response to "Facts Relating to Defendants' Failure to Pay Plaintiff Suarez Proper Wages"***

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. A&E denies the allegations contained in Paragraph 62 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

***Response to "Facts Relating to Defendants' Breach of the Oral Agreement with Suarez***"

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. A&E denies the allegations contained in Paragraph 67 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

***Response to "Facts Relating to Plaintiff Perez's Employment"***

68. Defendants admit that A&E employed Plaintiff Perez as a superintendent for the Thayer Street Building, and otherwise deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70. A&E denies the allegations contained in Paragraph 70 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71. A&E denies the allegations contained in Paragraph 71 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72. A&E admits that Perez at times performed the duties set forth in Paragraph 72 of the Complaint, and otherwise denies the allegations set forth therein. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. A&E denies allegations contained in Paragraph 74 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75. A&E denies the allegations contained in Paragraph 75 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76. A&E denies the allegations contained in Paragraph 76 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

***Response to "Facts Relating to Defendants' Failure to Pay Plaintiff Perez Proper Wages"***

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. A&E denies the allegations contained in 80 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

***Response to "Facts Relating to Defendants' Breach of the Parties' Oral Agreement with Perez"***

83. A&E denies the allegations contained in Paragraph 83 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. A&E admits that Perez no longer works for it, and otherwise denies the allegations contained in Paragraph 86 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

***Response to "Facts Relating to Defendants' Violations of NYLL § 195.1"***

87. The allegations contained in Paragraph 87 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the referenced laws.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

***Response to "Facts Failure to Pay Plaintiffs their Proper Wages was Willful"***

91. The allegations contained in Paragraph 91 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. A&E admits the allegations contained in Paragraph 92 of the Complaint. The Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

***Response to "Facts Relating to the Individual Defendants' as a Joint Employer"***

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. The allegations contained in Paragraph 103 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 103 of the Complaint.

**RESPONSE TO "FIRST CLAIM FOR RELIEF**
**(FLSA Violations Against all Defendants)"**

104. Defendants restate and incorporate their responses to Paragraphs 1 through 103 of the Complaint as if fully set forth in this Paragraph 104.

105. The allegations contained in Paragraph 105 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the referenced laws.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint, except admit that Plaintiffs were entitled to certain wages based on their hours worked.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

**RESPONSE TO "SECOND CLAIM FOR RELIEF**
**(NYLL Violations Against all Defendants)"**

109. Defendants restate and incorporate their responses to Paragraphs 1 through 108 of the Complaint as if fully set forth in this Paragraph 109.

110. The allegations contained in Paragraph 110 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the referenced laws.

111. Defendants deny the allegations contained in Paragraph 111 of the Complaint, except admit that Plaintiffs were entitled to certain wages based on their hours worked.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

**RESPONSE TO "THIRD CLAIM FOR RELIEF**
**(Unpaid Promised Wages Pursuant to NYLL § 195(1) Against Defendants)"**

114. Defendants restate and incorporate their responses to Paragraphs 1 through 113 of the Complaint as if fully set forth in this Paragraph 114.

115. The allegations contained in Paragraph 115 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the referenced laws.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in Paragraph 117 of the Complaint,

**RESPONSE TO "FOURTH CLAIM FOR RELIEF**
**(Violations of NYLL §Unpaid Promised Wages Pursuant to NYLL Against Defendants)"**

118. Defendants restate and incorporate their responses to Paragraphs 1 through 117 of the Complaint as if fully set forth in this Paragraph 118.

119. The allegations contained in Paragraph 119 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the referenced laws.

120. Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122. Defendants deny the allegations contained in Paragraph 122 of the Complaint.

**RESPONSE TO "FIFTH CLAIM FOR RELIEF**
**(Quantum Meruit Against All Defendants)"**

123. Defendants restate and incorporate their responses to Paragraphs 1 through 122 of the Complaint as if fully set forth in this Paragraph 123.

124. The allegations contained in Paragraph 124 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the referenced laws.

125. Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in Paragraph 127 of the Complaint.

**RESPONSE TO "SIXTH CLAIM FOR RELIEF**
**(Violations of New York City's Earned Sick Time Act)"**

128. Defendants restate and incorporate their responses to Paragraphs 1 through 127 of the Complaint as if fully set forth in this Paragraph 128.

129. The allegations contained in Paragraph 129 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the referenced laws.

130. The allegations contained in Paragraph 130 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the referenced laws.

131. Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132. Defendants deny the allegations contained in Paragraph 132 of the Complaint.

**RESPONSE TO "SEVENTH CLAIM FOR RELIEF:**
**Brought Individually by Plaintiffs Suarez and Cespedes**
**(Violations of New York City Administrative Code against Defendants)"**

133. Defendants restate and incorporate their responses to Paragraphs 1 through 132 of the Complaint as if fully set forth in this Paragraph 133.

134. The allegations contained in Paragraph 134 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants refer the Court to the referenced laws.

135. Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137. Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138. Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139. Defendants deny the allegations contained in Paragraph 139 of the Complaint.

To the extent the Paragraph beginning with "Wherefore" on page 20 of the Complaint requires a response, which Defendants contend it does not, Defendants deny that Plaintiffs are entitled to the relief sought therein, including the numbered subparagraphs, or to any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

1. The Complaint is barred, in whole or in part, because it fails to state any claim upon which relief can be granted.

2. The Individual Defendants are not proper parties to the instant action, since they did not employ any of the Plaintiffs.[1]

3. Plaintiffs' claims pursuant to the New York City Earned Sick Time Act and NYCAC § 27-2054 are barred because neither provision provides employees with a private right of action.

4. Plaintiffs have failed to satisfy the requirements for permissive joinder under Fed. R. Civ. P. 20 because each of the Plaintiffs' claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and there are no questions of law or facts common to all Plaintiffs. Accordingly, Defendants are entitled to the remedies set forth under Fed. R. Civ. P. 21.

5. The Complaint is barred, in whole or in part, because Plaintiffs were paid all sums which may have been due to them under the applicable laws and their corresponding regulations.

6. Defendants have at all times attempted, in good faith, to comply with the provisions of the FLSA, NYLL, and the other applicable federal, state and local laws, and they had reasonable grounds for believing they were in compliance.

7. Defendants acted in conformity with and in reliance on written administrative regulations, orders, rulings, practices, interpretations and/or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor, the New York State Department of Labor, and other federal, state and local agencies.

---

[1] While the Individual Defendants assert that they did not employ Plaintiffs, in the event they are determined to be a proper parties in this action, they assert all of the defenses herein. Assertion of said defenses does not constitute an admission that either Individual Defendant is properly part of the instant action.

8. No act or omission of Defendants which is alleged to violate the FLSA, the NYLL, or any other applicable law or regulation was willful, knowing or in reckless disregard for the provisions of the law, and Plaintiffs therefore are not entitled to penalty, multiplication of or addition to damages (including liquidated damages), or extension of any statute of limitations period.

9. In calculating overtime liability (if any), Defendants are entitled to exclusion of all elements of each of the Plaintiffs' compensation that are excludable from an employee's regular rate under federal, state or local law for purposes of calculating overtime, including, but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e), and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254.

10. Defendants are entitled to a credit against any overtime owed (if any) to Plaintiffs for any amounts permitted under federal, state or local law to be credited toward an employer's overtime liability, included, but not limited to, those set forth in Section 7(h) of the FLSA, 29 U.S.C. § 207(h).

11. The damages incurred by Plaintiffs, if any, must be reduced or eliminated by any setoffs and credits for (1) all overpayments of compensation to Plaintiffs, (2) sums which Plaintiffs received during the course of their employment with Host for reasons other than for work performed for Host, and (3) all other amounts that may lawfully be deducted from any amount awarded to Plaintiffs under the FLSA, the NYLL or other applicable federal, state or local law.

12. Plaintiffs are precluded from recovering any amounts from Defendant for failure to pay compensation for hours worked because such time was worked without knowledge or approval by Defendants.

13. The claims of Plaintiffs fail in whole or in part under the *de minimus* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

14. Some or all of the claims of Plaintiffs are barred, in whole or in part, by the equitable doctrine of laches inasmuch as they have inexcusably and unreasonably delayed the filing of this action, causing prejudice to Defendants.

15. The claims of Plaintiffs may be barred, and/or their damages may be limited or foreclosed under the after-acquired evidence doctrine.

16. Some or all of the claims of Plaintiffs are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.

17. Plaintiffs' damages are limited to the extent they failed to mitigate their damages.

18. Plaintiffs' claims are barred to the extent they seek remedies beyond those provided for by the FLSA and/or analogous state or local law provisions.

19. Plaintiffs' claims may be limited and/or foreclosed under the avoidable consequences doctrine.

20. Some or all of Plaintiffs' claims and requests for relief are not triable by jury.

21. Plaintiffs' state or local law claims are barred on the basis that, and to the extent that, they are preempted by the FLSA and/or any provision thereof.

22. Plaintiff is barred from recovering based on the doctrines of laches, unclean hands, waiver, and/or estoppel.

23. The claims for pre-judgment and/or post-judgment interest under the NYLL are preempted by the remedies provided by the FLSA.

24. Plaintiffs may not recover liquidated damages and a penalty under the NYLL because such relief would amount to a double recovery.

25. Plaintiffs are barred from recovering any damages, or any recovery must be reduced, by virtue of any failure to exercise reasonable diligence to mitigate their alleged damages.

26. Defendants have not knowingly or intentionally waived any applicable defenses and reserves the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to Plaintiffs' claims.

27. Defendants' investigation into the allegations contained in the Complaint is ongoing, and Defendants reserve the right to amend its Answer and/or Defenses should that become necessary.

**WHEREFORE,** Defendants respectfully request that the Court dismiss and deny the Complaint in its entirety, that Defendants recover their attorney's fees and costs in this action, and that the Court grant such other relief it deems just and proper.

Dated: June 15, 2018
New York, New York

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Patrick M. Muldowney*

Patrick M. Muldowney
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407-649-4002
Facsimile: 407-841-0168
Email: pmuldowney@bakerlaw.com

Saima Z. Sheikh
45 Rockefeller Plaza, 14th Floor
New York, NY 10111
Telephone: (212)-453-4243
Facsimile: (212)-589-4301
Email: ssheikh@bakerlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Robert Wisniewski
**ROBERT WISNIEWSKI, P.C.**
225 Broadway, Suite 1020
New York, New York 10007

*s/Patrick M. Muldowney*
Patrick M. Muldowney